IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT L. TILMON                                                                                    PLAINTIFF

vs.                                         CASE NO. **4:05CV00639GH**

KURT KNICKREHM, ET AL.                                                                   DEFENDANTS

**ORDER**

Pending before the Court is the motion of defendant Arkansas Department of Human Services, Division of Children and Family Services ("DHS") to dismiss the amended complaint for failure of plaintiff to comply with the Federal Rules of Civil Procedure. DHS states that plaintiff has failed to provide discovery responses and initial disclosures as required by the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion.

There is no question that plaintiff is in violation of the Rules 26 and 33 by failing to provide the information within the time required. A review of the record shows some foot dragging by plaintiff. Plaintiff originally filed this action *pro se*. On August 8, 2005, counsel entered his appearance on behalf of plaintiff and filed an amended complaint. Defendant filed a motion to dismiss the first amended complaint on August 19, 2005, to which plaintiff did not respond until September 26, 2005.[1] The Court ordered plaintiff on November 1, 2005, to serve the complaint on the new defendants added in the amended complaint by November 11, 2005, or an order of dismissal without prejudice would be entered. Plaintiff served the defendants before the November 11, 2005 deadline. Defendants filed another motion to dismiss on November 18, 2005, to which plaintiff never

---

[1] He had not sought an extension of time prior to filing his response.

responded. The Court entered its order with regard to the motions to dismiss on December 12, 2005.

Now DHS has filed another motion to dismiss, to which plaintiff has not responded. On this record, the Court might be inclined to grant DHS' motion. Nevertheless, "[e]ven where the facts might support dismissal with prejudice, this ultimate sanction ... should only be used when lesser sanctions prove futile. A district court should weigh its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and consider whether a less severe sanction could remedy the effect of the litigant's transgressions on the court and the resulting prejudice to the opposing party." *Hunt v. City of Minneapolis, Minn.* 203 F.3d 524, 527 (8th Cir. 2000) (citation and internal quotation marks omitted). Here, while plaintiff has disregarded the requirements of Rule 26 and Rule 33, he has not engaged in a persistent pattern of wilfully disregarding the Court's orders. Furthermore, his actions have not unduly prejudiced DHS, Pursuant to DHS' request, the Court has continued the trial, as well as all other deadlines, and will issue a new scheduling order.[2]

Thus, the Court will not dismiss this action, but admonishes plaintiff that further failure to comply with the Federal Rules as well as orders of the Court will result in the imposition of sanctions. Furthermore, plaintiff is directed to provide the information requested by DHS within 20 days of the entry of this Order.

Accordingly, the motion to dismiss is hereby denied.

IT IS SO ORDERED this 23rd day of January, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE

---

[2]DHS' motion for continuance was not based on plaintiff's failure to provide discovery but on defense counsel's inability to conduct discovery and prepare for trial while she is on Family Medical Leave from January 13, 2006 to April 7, 2006.